**DLD-226**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2160
_____

IN RE:  ABDIEL FERMIN AVILA,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-12-cv-06369)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 31, 2018

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion Filed: June 12, 2018)
_____

OPINION*
_____

PER CURIAM

        Abdiel Avila has filed a petition seeking a writ of mandamus. For the reasons

below, we will deny the petition.

        Avila was convicted in Camden County, New Jersey of two counts each of

aggravated sexual assault and endangering the welfare of a child.  In 2009, he was

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

sentenced to 95 years in prison. In October 2012, after an unsuccessful appeal and while his state court post-conviction proceedings were pending, Avila filed a petition pursuant to 28 U.S.C. § 2254 in the District Court. He subsequently amended his petition twice. Because Avila had not exhausted his state court remedies, the District Court dismissed the second amended petition without prejudice in 2014.

In June 2017, Avila filed a third amended petition in the District Court. By order entered nearly a year later, on May 3, 2018, the District Court directed the Clerk of the District Court to docket Avila's third amended petition in a new proceeding. Avila's third amended petition was then docketed at D.N.J. Civ. No. 18-cv-09422 on May 18, 2018. Avila filed this mandamus petition a week later.

In his mandamus petition, Avila requests that the District Court be ordered to reopen his habeas proceedings, appoint him counsel, and order the Respondents to file an answer to his petition. He also accuses the District Judge of being biased against him.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount

2

to a failure to exercise jurisdiction.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir.

1996).

It appears that Avila is confused by the District Court's May 18 order and believes

that his third amended habeas petition has been denied.  While the District Court closed

Avila's prior habeas proceedings, it *opened* a new case for his third amended petition.

Thus, he has not shown a clear right to having his prior habeas proceedings reopened.

Avila has made no substantial allegations of bias by the District Court which would

support mandamus relief ordering reassignment.  A litigant's displeasure with the District

Court's legal rulings is not an adequate basis for recusal.  Securacomm Consulting, Inc.

v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Nor has Avila shown that he has a

clear and indisputable right to the appointment of counsel.  See 18 U.S.C.

§ 3006A(a)(2)(B) (representation may be provided for § 2254 petitioner if District Court

determines that "the interests of justice so require.")

Avila's third amended petition has been pending for nearly a year.  But given the

District Court's recent order, we are confident that the District Court will act promptly to

screen Avila's petition and decide whether to order an answer by Respondents.  See 28

U.S.C. § 2254 Rule 4 (unless it is plain from the petition that no relief is warranted,

District Court must order a response).

For the above reasons, we will deny the petition without prejudice to refiling if no

further action is taken on the petition by the District Court within a reasonable time.